## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

Bruce W. Greene

v.

Byron C. Smith, Jr.,
and Deborah S. Caesar

January 5, 1982

By JUDGE DUNCAN M. BYRD, JR.

The issue presented is whether or not a lien creditor of a remainderman may compel "partition".

It is clear that prior to the enactment of Code of Virginia Section 8.01-94 a remainderman could not compel a partition of land during the continuance of the life estate. *Powell v. Tilson,* 161 Va. 318 (1933). In 1958, the General Assembly adopted what is now Code Section 8.01-94 which provided a special statutory remedy aside from the remedy of partition in part for "the sale or leasing or exchange of the remainder in such estate by a *remainderman, his guardian or committee*" (emphasis added) under certain circumstances.

Since at least prior to the case of *Peatross v. Gray,* 181 Va. 847 (1943), the "Partition Statute" now Section 8.01-81 provided that "a lien creditor . . . may also compel partition for the purposes of subjecting the estate of his debtors on the rents and profits thereof to the satisfaction of his liens."

Code of Virginia Section 8.01-94 has no language comparison to the above language in Code of Virginia Section 8.01-81 with regard to lien creditors. Code of Virginia Section 8.01-94 provides a statutory remedy separate from partition and must be strictly construed. Since Code of Virginia Section 8.01-94 is silent with regard to "lien creditors," I will not infer that the Legislature intended that a lien credi-

tor of a remainderman may maintain an action pursuant to this Section.

The Motion to Dismiss should be sustained.